UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | CIVIL ACTION NO. |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| DVG PUBLIC ADJUSTMENT SERVICES, LLC | ) | |
| | ) | |
| DEFENDANT. | ) | JULY 3, 2019 |

## COMPLAINT FOR DECLARATORY JUDGMENT

For its Complaint against Defendant DVG Public Adjustment Services, LLC ("DVG or the "Insured"), Plaintiff Scottsdale Insurance Company ("Scottsdale") states the following.

## PARTIES

1. Scottsdale is an insurance company duly organized and existing under the laws of the State of Ohio with its principal office located in Scottsdale, Arizona.

2. Upon information and belief, DVG is a limited liability company organized and existing under the laws of the State of Connecticut with its principal place of business located in Columbia, Connecticut.

3. Upon information and belief, the sole member of DVG is Steven Gold, who resides at 88 Erdoni Road, Columbia, Connecticut 06237.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Scottsdale and the

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

Insured, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(1).  DVG's principal place of business is in this District and Division.

## FACTUAL ALLEGATIONS

### The Policy

6.      Scottsdale issued Business and Management Indemnity Policy No. EKS3154205 to DVG (the "Policy") effective for the period from April 9, 2015 to April 9, 2016 (the "Policy Period").  A copy of the Policy is attached hereto as "Exhibit 1."

7.      Subject to the Policy's terms, conditions, limitations, exclusions, and endorsements, the Policy provides coverage under a Miscellaneous Professional Services Coverage Section (the "MPS Coverage Section"). (Ex. 1 at Declarations, Item 3.)

8.      The Limit of Liability of the Policy's MPS Coverage Section is $500,000 for each "Claim" and in the aggregate. (Ex. 1 at Declarations, Item 3.)  That Limit of Liability is subject to a Retention of $2,500 for each "Claim." (Ex. 1 at Declarations, Item 3.)

9.      Section D(1) of the Policy's MPS Coverage Section states:

> The liability of the **Insurer** shall apply only to that part of **Loss**, which is excess of the Retention amounts applicable to this Coverage Section, as shown in Item 3 of the Declarations.  The **Insureds** shall be responsible for payment of the Retentions, which the Insureds shall bear uninsured and at their own risk.  If different parts of a single **Claim** are subject to different applicable Retentions under this Coverage Section, the applicable Retentions will be applied separately to each part of such **Loss**, but the sum of such Retentions shall not exceed the largest applicable Retentions.

(Ex. 1 at MPS Coverage Section § D(1).)

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

10. "Loss" is defined as "damages, judgments, settlements, pre-judgment and post-judgment interest awarded by a court, and **Costs, Charges and Expenses** incurred by any of the **Insureds**" with various exceptions.  (Ex. at MPS Coverage Section § B(7) and Endorsement No. 4.)

11. The Policy defines "Costs, Charges and Expenses" to include "reasonable and necessary legal costs, charges, fees and expenses incurred by any of the **Insureds** in defending **Claims** . . . ."  (Ex. 1 at MPS Coverage Section § B(4).)

12. Section D(6)(4) of the Policy's MPS Coverage Section provides that "[t]he **Insureds** agree to provide the **Insurer** with all information, assistance and cooperation which the **Insurer** reasonably requests and agree that, in the event of a **Claim**, the **Insureds** will do nothing that shall prejudice the position of the **Insurer** or its potential or actual rights of recovery."  (Ex. 1 at MPS Coverage Section § D(6)(4)).

13. Section J of the Policy's General Terms and Conditions states, in relevant part:  "The **Insureds** agree to provide **Insurer** with such information, assistance and cooperation as **Insurer** reasonably may request, and they further agree that they shall not take any action which in any way increases **Insurer's** exposure under this Policy."  (Ex. 1 at General Terms & Conditions § J.)

### The Underlying Action

14. On or about December 25, 2015, the Insured submitted a lawsuit filed by Constance Kessel against DVG on or about November 19, 2015 (the "Underlying Action") to Scottsdale for coverage under the Policy.  The Underlying Action is currently pending in the Superior Court of Hartford, Connecticut.  A copy of the Complaint filed in the Underlying Action is attached hereto as "Exhibit 2."

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

15. Scottsdale is providing the Insured with a defense in the Underlying Action subject to a full reservation of its rights under the Policy and at law.

16. Scottsdale and the defense counsel that Scottsdale assigned to defend the Insured in the Underlying Action have on numerous occasions reasonably requested the assistance and cooperation of the Insured in the defense of the Underlying Action, including requesting DVG to participate in telephone conferences to discuss defense strategy, requesting DVG's and its principal's cooperation in discovery and depositions in the Underlying Action, and to move the Underlying Action toward potential resolution.

17. To date, the Insured has ignored and not responded to Scottsdale's and assigned defense counsel's numerous requests for such assistance and cooperation.

18. The Insured has violated Section D(6)(4) of the Policy's MPS Coverage Section and Section J of the Policy's General Terms and Conditions (the "Cooperation Clauses") by failing to provide Scottsdale with the assistance and cooperation it has reasonably requested. Scottsdale has been prejudiced by such failure and is likely to be further prejudiced if the Insured continues to violate the Cooperation Clauses.

19. To date, the Retentions that the Insured is responsible to pay under Section D(1) of the Policy's MPS Coverage Section have not been paid by the Insured.

### COUNT I – DECLARATORY JUDGMENT AS TO THE INSURED'S VIOLATION OF THE COOPERATION CLAUSES

20. Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. An actual, present, and justiciable controversy exists concerning whether the Insured has violated the Cooperation Clauses.

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

22. The Insured's failure to respond to Scottsdale's reasonable requests for assistance and cooperation violates the Cooperation Clauses, and Scottsdale has been prejudiced thereby.

23. Scottsdale requests that the Court declare there is no coverage for the Underlying Action under the Policy due to the Insured's violations of the Cooperation Clauses and that, as a result, Scottsdale has no obligation to pay the Insured any Loss, including Costs, Charges and Expenses, incurred in connection with the Underlying Action.

## COUNT II – DECLARATORY JUDGMENT AS TO THE INSURED'S OBLIGATIONS TO SATISFY THE POLICY'S RETENTIONS

24. Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. Scottsdale pleads this count in the alternative.

26. An actual, present, and justiciable controversy exists concerning whether Scottsdale has any obligations under the Policy unless and until the Insured satisfies its responsibility to pay the applicable Retentions as set forth in Section D(1) of the Policy's MPS Coverage Section.

27. The Insured has not satisfied its responsibility to pay the applicable Retentions.

28. In the event Scottsdale's request for declaratory judgment in Count I is denied, Scottsdale requests that the Court declare that Scottsdale has no obligation to pay the Insured any Loss, including Costs, Charges and Expenses, incurred in connection

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

with the Underlying Action unless and until the Insured satisfies its responsibility to pay the applicable Retentions.

## PRAYER FOR RELIEF

WHEREFORE, Scottsdale prays that the Court enter an Order:

1. declaring that there is no coverage for the Underlying Action under the Policy due to the Insured's violations of the Cooperation Clauses and that, as a result, Scottsdale has no obligation to pay any Loss, including Costs, Charges and Expenses, incurred in connection with the Underlying Action;

2. alternatively declaring that Scottsdale has no obligation to pay any Loss, including Costs, Charges and Expenses, incurred in connection with the Underlying Action unless and until the Insured satisfies its responsibility to pay the applicable Retentions;

3. awarding Scottsdale its costs, expenses, and attorneys' fees to the greatest extent allowed by law; and

4. awarding Scottsdale all other relief the Court deems just and equitable.

THE PLAINTIFF:
SCOTTSDALE INSURANCE COMPANY

By _____
Kevin J. Greene
Fed. Bar #ct16742
Rachel J. Fain
Fed. Bar #ct29620
HALLORAN & SAGE LLP
One Goodwin Square

- 6 -

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103


HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105

                                  225 Asylum Street
                                  Hartford, CT 06103
                                  Phone: 860 522-6103
                                  Fax: 860-548-0006
                                  greene@halloransage.com
                                  fain@halloransage.com
                                  Its Attorneys

Halloran & Sage LLP
225 Asylum Street
Hartford, CT 06103

HALLORAN
SAGE

Phone 860.522.6103
Fax 860.548.0006
Juris No. 026105